**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAMELA STOKES, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> TRANSNATIONAL LIMITED, LLC.; and JOHN DOES 1-25. <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, PAMELA STOKES, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, TRANSNATIONAL LIMITED, LLC., (hereinafter "TRANS"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a limited liability company with its primary offices located at 1162 St. Georges Avenue, Suite 279, Avenel, New Jersey 07001.

8. Upon information and belief, Defendant is primarily in the business of collecting debts allegedly due to another.

9. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from the Defendant concerning a debt owed to another, that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.
- The Class period begins one year to the filing of this Action.
- The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without

remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

13. Sometime prior to May 11, 2017, Plaintiff allegedly incurred a financial obligation to Eastern Dental of Union General ("EASTERN").

14. The EASTERN obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The EASTERN obligation did arise out of a transaction for business purposes.

16. The alleged EASTERN obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18. Plaintiff is informed and believes and on that basis, that sometime prior to May 11, 2017, EASTERN either directly or through intermediate transactions assigned, place, transferred or sold the debt to TRANS.

19. At the time the EASTERN obligation was placed with TRANS, the EASTERN obligation was past due.

20. At the time the EASTERN obligation was placed with TRANS, the EASTERN obligation was in default.

21. TRANS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

22. TRANS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. On or about May 11, 2017, TRANS caused to be delivered to Plaintiff a letter addressed to Plaintiff. A copy of said letter is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

24. The May 11, 2017 letter was sent or caused to be sent by persons employed by TRANS as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The May 11, 2017 letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

26. The May 11, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. Upon receipt, Plaintiff read the May 11, 2017 letter.

28. On information and belief, the May 11, 2017 letter is a computer – generated form letter that is prepared for TRANS and sent to consumers from whom it is attempting to collect a debt.

29. The May 11, 2017 stated in part: "Please be advised that a payment is due on the above captioned account."

30. The May 11, 2017 stated in part: ACCOUNT BALANCE: $82.00.

31. The May 11, 2017 did not disclose that the letter was from a debt collector.

32. 15 U.S.C. §1692e(11) provides that a debt collect shall disclose in all communications with the consumer, that such communications is from a debt collector.

33. TRANS' actions as described herein are part of a pattern and practice used to collect consumer debts.

34. TRANS could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

35. It is TRANS' policy and practice to send initial written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by inter alia:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of any debt;

   (b) Sending written communications without disclosing that such communication is from a debt collector.

36. On information and belief, Sunrise sent a written communication, in the form annexed hereto as Exhibit A, to at least 50 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

37. Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38. Collection letters and/or notices such as those sent by TRANS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. 15 U.S.C. §1692e(11) requires a debt collector to disclose in all communications that such communication is from a debt collector.

40. TRANS violated 15 U.S.C. §1692e(11), by sending a letter/communication to Plaintiff which failed to disclose that such communication was from a debt collector.

41. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

42. TRANS violated 15 U.S.C. §1692e(10) by sending a letter/communication to Plaintiff which failed to disclose that such communication was from a debt collector.

43. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

44. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

45. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(10).

46. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(11).

47. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

48. By reason thereof, TRANS is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692e *et seq.*, of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
October 23, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 23, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A



# Transnational Limited, L.L.C.
1162 St. Georges Avenue  Suite #279 · Avenel, NJ  07001

Tel 732-621-0050                Toll Free 1-800-625-6318                Fax 732-621-0052

May 11, 2017

Stokes, Pamela

CLIENT............: Eastern Dental of Union General
    (checks payable to Transnational Limited)
ACCOUNT NUMBER....:      370
ACCOUNT BALANCE...: $82.00
CLIENT ACCOUNT#...: 48229

Dear Pamela Stokes,

Please be advised that a payment is due on the above captioned account.

Kindly contact our office immediately to discuss this matter, or include the balance in the self addressed envelope provided.

Yours Truly,

*Patricia Wolfe*

Patricia Wolfe
President